MCCLEARY v. CITY OF BROKEN ARROW BD. OF ADJUSTMENT
2022 OK CIV APP 2
506 P.3d 1096
Case Number: 118994
Decided: 12/17/2021
Mandate Issued: 02/09/2022
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2022 OK CIV APP 2, 506 P.3d 1096

 

LOIS MCCLEARY, Plaintiff/Appellee,
v.
CITY OF BROKEN ARROW BOARD OF ADJUSTMENT, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA

HONORABLE DAMAN H. CANTRELL, TRIAL JUDGE

REVERSED

Deborah A. Reed, Stephen P. Gray, STERLING OAKS LAW FIRM, PLLC, Broken Arrow, Oklahoma, and
Kraettli Q. Epperson, MEE HOGE PLLP, Oklahoma City, Oklahoma, for Plaintiff/Appellee,

D. Graham Parker, Alexander Sisemore, CITY OF BROKEN ARROW, LEGAL DEPT., Broken Arrow, Oklahoma, for Defendant/Appellant.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 Defendant/Appellant, City of Broken Arrow Board of Adjustment (Board), appeals from an order reversing its denial of a variance sought by Plaintiff/Appellee, Lois McCleary, to allow her to store her recreational vehicle (RV) in her driveway in violation of a Broken Arrow zoning ordinance. The Board denied the variance. Following an appeal to the District Court for Tulsa County, the trial court determined the RV was a commercial vehicle and therefore not subject to the restrictions in the ordinance. The trial court also granted the variance. For the reasons set forth below, we reverse the judgment of the trial court.

BACKGROUND

¶2 McCleary filed an application for a variance from the Board to allow her to store her RV in her driveway in violation of Broken Arrow Zoning Code §5.4(K)(4), entitled "Recreational vehicle (RV) and boat parking." That section provides, in relevant part, "no trailer, boat, or recreational vehicle shall be parked or stored on the premises for more than a single period not to exceed twenty-four (24) hours in length during any week unless such is located behind the front building line." Broken Arrow Zoning Code §6.8(B)(8) and 11 O.S.2011 §44-107

¶3 Following a hearing, the Board denied McCleary's request for a variance, citing several of the requirements that McCleary's application failed to meet. Pursuant to 11 O.S.Supp. 2016 §44-110de novo on February 14, 2020. In an order dated July 16, 2020, the trial court held McCleary's RV was a commercial vehicle not subject to the city's ordinance banning recreational vehicles, and alternatively, granted the variance to allow an RV to be parked in front of the building line on the property. The Board now appeals from this order. Oral argument was conducted before this Court on November 18, 2021.

¶4 Proceedings in the district court on appeal from a decision of the board of adjustment in zoning matters are generally characterized "as being equitable in nature." Triangle Fraternity v. City of Norman ex rel. Norman Bd. of Adjustment, 2002 OK 8063 P.3d 1Id. We will review questions of law de novo. See id.

¶5 On appeal, the Board argues the trial court erred in determining that the RV was not a recreational vehicle because it erroneously applied the definition which looked to the use of the vehicle and not its design. The Board also urges the trial court erred in granting a variance because McCleary failed to prove each of the criteria for obtaining the variance. Both parties concede the subject RV is a commercial vehicle which does not violate the Code regulation concerning "commercial vehicle parking." The Board's primary argument is that although the district court determined McCleary's vehicle is a commercial vehicle not in violation of the Code's definition of "commercial vehicle" under §5.4(K)(3), she was still required to comply with §5.4(K)(4) concerning recreational vehicle parking. Because McCleary's RV meets the Code's definition of "recreational vehicle," the Board argues the RV is subject to the Code's regulations regarding recreational vehicles, and would be in violation of the same without a variance. The Board then argues McCleary's application does not meet the requirements set forth in Code §6.8(B)(8) and 11 O.S.Supp. 2016 §44-107

¶6 The primary question on appeal, therefore, is whether a vehicle, which could be categorized under two separate regulations, must comply with both regulations, or whether there is a primary regulation with which sole compliance is sufficient. The Board's concern is that the district court's ruling has created a loophole which will allow RV owners to store their RVs in their driveways by licensing them as commercial vehicles and using them for business purposes. The Board argues this is in contradiction with Oklahoma Supreme Court precedent, finding that the decision "would emasculate the ordinance as effectively as repeal." Walkingstick v. Board of Adjustment of City of Tulsa, 1985 OK 70706 P.2d 899

¶7 Municipal ordinances are interpreted like statutes. Wylie v. Chesser, 2007 OK 81173 P.3d 64

The primary goal of statutory construction is to ascertain and follow the intention of the Legislature. If a statute is plain and unambiguous and its meaning clear and no occasion exists for the application of rules of construction a statute will be accorded the meaning expressed by the language used. . . . Further, the Legislature will not be presumed to have done a vain and useless act in the promulgation of a statute, nor will an inept or incorrect choice of words be applied or construed in a manner to defeat the real or obvious purpose of a legislative enactment.

TRW/Reda Pump v. Brewington, 1992 OK 31829 P.2d 15

¶8 As previously stated, both parties agree McCleary's RV is a commercial vehicle. Where the parties' views differ is whether the classification as a commercial vehicle exempts the vehicle from further requirements as a recreational vehicle under the ordinance. We hold it does not.

¶9 The Broken Arrow zoning ordinance defines recreational vehicle as follows:

A vehicular unit other than a mobile home, which is designed as a temporary dwelling for travel, recreational and vacation use, and which is either self-propelled, mounted on or pulled by another vehicle. Examples include, but are not limited to, travel trailer, camping trailer, truck camper, motor home, fifth-wheel trailer, or van.

Broken Arrow Zoning Code §10.4.

¶10 In the present case, it is undisputed McCleary's vehicle was designed as recreational vehicle. It therefore falls squarely within the plain and unambiguous definition set forth in §10.4. Furthermore, there is nothing in the Broken Arrow Zoning Code that exempts an RV from the requirements of §5.4(K)(4) (which prohibits the parking of an RV in front of a house for longer than 24 hours) if it may also be classified as a commercial vehicle under the Code. Courts have no authority to rewrite an ordinance "merely because it does not comport with the court's view of prudent public policy." Head v. McCracken, 2004 OK 84102 P.3d 670Wylie, 2007 OK 81

¶11 We further conclude the trial court erred in granting McCleary a variance because she failed to meet her burden of proving each criteria necessary to obtain a variance. Pursuant to 11 O.S. 2011 §44-107

1. The application of the ordinance to the particular piece of property would create an unnecessary hardship;

2. Such conditions are peculiar to the particular piece of property involved;

3. Relief, if granted, would not cause substantial detriment to the public good, or impair the purposes and intent of the ordinance or the comprehensive plan; and

4. The variance, if granted, would be the minimum necessary to alleviate the unnecessary hardship.

¶12 Broken Arrow Zoning Code §6.8(B)(8) provides that the board of adjustment may approve a variance only if it finds that all of the following criteria have been met:

i. There are unique physical circumstances or conditions, such as irregularity, narrowness or shallowness of lot, or exceptional topographical or other physical conditions peculiar to the affected property;

ii. The unusual circumstances or conditions do not exist throughout the neighborhood or district in which the property is located;

iii. Such physical circumstances or conditions were not created by the applicant;

iv. Because of such physical circumstances or conditions, the property cannot reasonably be developed in conformity with the provisions of this Ordinance;

v. The variance, if granted, will not alter the essential character of the neighborhood or district in which the property is located, nor substantially or permanently impair the appropriate use or development of adjacent property; and

vi. The variance, if granted, is the minimum variance that will afford relief and is the least modification possible of the provisions of this Ordinance that are in question.

¶13 Although the criteria set forth in the ordinance vary slightly from the state statute, they are not inconsistent or irreconcilable with one another. Where a state statute and a municipal charter are not inconsistent, and where one is silent on an issue and the other speaks to it, they are not in conflict. Vinson v. Medley, 1987 OK 41737 P.2d 932

The variance process is intended to provide limited relief from the requirements of this Ordinance in those cases where strict application of a particular requirement will create a practical difficulty or unnecessary hardship prohibited use of land in a manner otherwise allowed under this Ordinance.

The section further provides it is not intended that variances be granted to "merely remove inconveniences or financial burdens that the requirements of this Ordinance may impose on property owners in general," and rather, variances are intended to provide "limited relief."

¶14 The Board argues McCleary could not meet the requirements for a variance, noting that the trial court did not find a condition or circumstance peculiar or unique to McCleary's property; the application of the ordinance to McCleary's property does not create an unnecessary hardship; and the variance granted was not the minimum necessary to alleviate the alleged unnecessary hardship. We agree. There is no support in either the record or at law to support the trial court's grant of a variance. Accordingly, the judgment of the trial court is reversed.

¶15 REVERSED.

PRINCE, J. (sitting by designation), concurs, and SWINTON, C.J., dissents.

SWINTON, C.J., dissenting:

¶1 I respectfully dissent in part. I agree with the majority that the variance was improperly granted based upon the factors provided by 11 O.S. § 44-107

¶2 I do not dispute the Board's argument that the definition of "recreational vehicle" under the zoning ordinance rests upon the intended use as designed, and not the actual use of the vehicle. However, I would find this distinction moot because the vehicle was properly classified as a commercial vehicle. The sections within the ordinance are separate. They are not designated as alternatives.

¶3 The exclusivity of the definitions is further exemplified by the Oklahoma Tax Commission regulations concerning motor vehicles. The Oklahoma Tax Commission issues regulations related to the registration and licensing of vehicles. Pursuant to Okla. Admin. Code § 710:60-3-10 (a), every motor vehicle must be registered, and the "type of registration depends on the type of vehicle, and in some cases, its use." McCleary's vehicle is registered as a commercial vehicle. Under the motor vehicle section of the Oklahoma Tax Commission regulations, the registration and licensing is divided into "commercial vehicles" and "noncommercial vehicles," among other non-applicable vehicle types. Recreational vehicles are listed as a type of noncommercial vehicle. Okla. Admin. Code 710:60-3-70 (4).

¶4 I would therefore affirm the trial court's decision that McCleary's RV is a commercial vehicle under Broken Arrow Zoning Ordinance § 5.4 (K) (3), not subject to the requirements of § 5.4 (K) (4).